PER CURIAM.
 

 Scott Beare appeals a final order denying his motion to modify and correct sentence, arguing that the trial court erred by refusing to order the clerk of court to return a $50,000 cash bond posted by his father prior to the resolution of Beare’s underlying criminal charges. We affirm the trial court’s order, which correctly denied Beare’s motion based upon the plain language of section 903.286, Florida Statutes. That statute requires clerks of court to withhold from the return of a cash bond, funds sufficient to satisfy unpaid court fees, court costs and criminal penalties. In this case, the clerk properly withheld Beare’s cash bond to satisfy a mandatory $50,000 criminal fine. We also note that the form signed by Beare’s father upon posting the cash bond contained a notice that the bond would be subject to forfeiture or withholding, as required by section 903.286. Beare’s father initialed the following statement at the bottom of the “Cash Appearance Record” form that he signed:
 

 I understand that Florida Law 903.286 requires that any cash bond funds posted by or on behalf of a defendant are subject to forfeiture and withholding by the Clerk of Court for the payment of court fees, court costs, and criminal penalties on behalf of the criminal defendant regardless of who posted the funds,
 
 [initials
 
 ].
 

 AFFIRMED.
 

 MONACO, LAWSON and COHEN, JJ., concur.